# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON GAUTHIER** § | CIVIL ACTION NO. _____ |
| § | |
| **Plaintiff** § | |
| § | **ORIGINAL COMPLAINT** |
| **v.** § | |
| § | |
| **GOM SHELF, LLC,** § | **JURY TRIAL DEMANDED** |
| **LINEAR CONTROLS, INC.** § | |
| **APACHE SHELF EXPLORATION,** § | |
| **LLC, ISLAND OPERATING** § | |
| **COMPANY, INC., and FIELDWOOD** § | |
| **ENERGY, LLC** | |
| | |
| **Defendants** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, plaintiff AARON GAUTHIER, who files this Original Complaint against Defendants GOM Shelf, LLC, Linear Controls, Apache Shelf Exploration, LLC, Island Operating Company, Inc., and Fieldwood Energy, LLC, and respectfully shows the Court as follows:

## JURISDICTION & VENUE

1. This incident occurred on the Outer Continental Shelf, and Louisiana is the adjacent state.

2. This Court has jurisdiction over this matter pursuant to the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1333 *et seq*.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) and under 43 U.S.C. 1349(b)(1) as a substantial part of the events giving rise to this claim occurred in this district.

4. This court has personal jurisdiction over Defendants because they do business in this District on a continuous and systematic basis and this claim is related to that contact.

Page 1 of 11

**PARTIES**

5. Plaintiff AARON GAUTHIER is a citizen and domiciliary of the Parish of Lafayette, State of Louisiana.

6. Defendant GOM Shelf, LLC is an entity incorporated under the laws of Texas and a domiciliary of the State of Delaware with its principal place of business at 2107 Research Forest Drive, Suite 250, The Woodlands, Texas 77380 and its registered office in Louisiana at 8550 United Plaza, Building II, Suite 305 Baton Rouge, LA 70809. This defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 8550 United Plaza, Building II, Suite 305 Baton Rouge, LA 70809. Plaintiff requests a summons.

7. Defendant Linear Controls, Inc. is an entity incorporated under the laws of Louisiana and a domiciliary of the State of Louisiana with its principal place of business at 107 1/2 Commission Boulevard, Lafayette, Louisiana 70508. This defendant may be served with process through its registered agents Andre Clemons or Dawn Clemons at 107 1/2 Commission Boulevard, Lafayette, Louisiana 70508. Plaintiff requests a summons.

8. Defendant Island Operating Company, Inc. is a Louisiana business entity and domiciliary of the Parish of Lafayette, State of Louisiana, with its principal place of business at 108 Zachary Drive, Scott, Louisiana 70583. This defendant may be served with process through its registered agent CT Corporation System, 3867 Plaza Tower Dr, Baton Rouge, LA 70816. Plaintiff requests a summons.

9. Defendant Apache Shelf Exploration, LLC is an entity incorporated under the laws of Texas and a domiciliary of the State of Texas with its principal place of business at 200 Post Oak Boulevard, Houston, Texas 77056 and its registered office in Louisiana at 3867 Plaza Tower Drive, Baton Rouge, LA 70816. This defendant may be served with process

       through its registered agent C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816. Plaintiff requests a summons.

10. Defendant Fieldwood Energy, LLC is an entity incorporated under the laws of Texas and a domiciliary of the State of Delaware with its principal place of business at 200 W Sam Houston Pkwy South, Suite 1200, Houston, Texas 77042, and its registered office in Louisiana at 8550 United Plaza, Building II, Suite 305 Baton Rouge, LA 70809. This defendant may be served with process through its registered agent Capitol Corporate Services, Inc., 8550 United Plaza, Building II, Suite 305 Baton Rouge, LA 70809. Plaintiff requests a summons.

## **FACTS**

11. On or about March 12, 2023, Plaintiff was lubricating and operating casing valves as a service technician helper for Louisiana Safety Systems, Inc. on the MB 311B platform located in the Gulf of Mexico when a B18 valve ruptured, causing Plaintiff serious injuries.

12. On information and belief, this B18 pressure relief valve was improperly closed and severely overpressurized as Defendants negligently constructed and/or installed an pressure relief valve underrated for the pressure it was required to hold.

13. Defendants had custody, possession and/or control of the relevant areas of the subject platform and were responsible for constructing, installing, monitoring, inspecting, repairing, and/or maintaining the pressure valves in a reasonably safe condition and free from unreasonably dangerous conditions and hazards that would expose Plaintiff to injury. The over-pressurized pipe and/or valve that injured Plaintiff constituted an unreasonably dangerous condition that Defendants failed to properly inspect, monitor, contruct, install, maintain, repair, and/or give notice.

14. Furthermore, on information and belief, Defendants maintained control over the instrumentalities, equipment, and/or activities in question, and Plaintiff's injuries were proximately caused by Defendants' negligent disregard of this duty.

## RESPONDEAT SUPERIOR

15. Whenever in this Complaint it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, and/or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business.  Therefore, under the doctrine of respondeat superior, Defendants are vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere in this complaint and incorporated by reference here fully.

## COUNTS AGAINST DEFENDANT GOM SHELF, LLC

16. Plaintiff incorporates all other paragraphs by reference here fully.

17. Defendant GOM Shelf, LLC had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to do safely.

18. Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

19. Accordingly, Defendant is liable for the subject incident and is negligent and/or *negligent per se* for the following acts or omissions:

    a. failing to install and/or construct a pressure relief valve with sufficient maximum pressure;

    b. failing to safely maintain, monitor, inspect, and/or repair the B18 valve in a reasonably safe condition;

    c. failing to reopen the B18 valve prior to resuming operations;

    d. failing to warn Plaintiff of the unreasonably dangerous condition (including but not limited tothe over-pressurized valve in question);

    e. failing to relieve the pressure in the B18 valve;

    f. failing to properly supervise and train their agents, officers, directors, servants,, employees subcontractors, and/or crew;

    g. failing to routinely inspect the platform's valves and their pressure;

    h. under the doctrine of *respondeat superior* for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

    i. failing to maintain a safe work environment; and

    j. other acts deemed negligent.

20. Accordingly, Defendant is negligent and/or negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## COUNTS AGAINST DEFENDANT LINEAR CONTROLS, INC.

21. Plaintiff incorporates all other paragraphs by reference here fully.

22. Defendant Linear Controls, INC. had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to do safely.

23. Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

24. Accordingly, Defendant is liable for the subject incident and is negligent and/or *negligent per se* for the following acts or omissions:

    a. failing to install and/or construct a pressure relief valve with sufficient maximum pressure;

    b. failing to safely maintain, monitor, inspect, and/or repair the B18 valve in a reasonably safe condition;

    c. failing to reopen the B18 valve prior to resuming operations;

    d. failing to warn Plaintiff of the unreasonably dangerous condition (including but not limited to the over-pressurized valve in question);

    e. failing to relieve the pressure in the B18 valve;

    f. failing to properly supervise and train their agents, officers, directors, servants,, employees subcontractors, and/or crew;

    g. failing to routinely inspect the platform's valves and their pressure;

    h. under the doctrine of *respondeat superior* for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

    i. failing to maintain a safe work environment; and

    j. other acts deemed negligent.

25. Accordingly, Defendant is negligent and/or negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## COUNTS AGAINST DEFENDANT APACHE SHELF EXPLORATION, LLC

26. Plaintiff incorporates all other paragraphs by reference here fully.

27. Defendant Apache Shelf Exploration, LLC had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to do safely.

28. Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

29. Accordingly, Defendant is liable for the subject incident and is negligent and/or *negligent per se* for the following acts or omissions:

    a. failing to install and/or construct a pressure relief valve with sufficient maximum pressure;

    b. failing to safely maintain, monitor, inspect, and/or repair the B18 valve in a reasonably safe condition;

    c. failing to reopen the B18 valve prior to resuming operations;

    d. failing to warn Plaintiff of the unreasonably dangerous condition (including but not limited tothe over-pressurized valve in question);

    e. failing to relieve the pressure in the B18 valve;

    f. failing to properly supervise and train their agents, officers, directors, servants,, employees subcontractors, and/or crew;

    g. failing to routinely inspect the platform's valves and their pressure;

    h. under the doctrine of *respondeat superior* for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

    i. failing to maintain a safe work environment; and

    j. other acts deemed negligent.

30. Accordingly, Defendant is negligent and/or negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## COUNTS AGAINST DEFENDANT ISLAND OPERATING, LLC

31. Plaintiff incorporates all other paragraphs by reference here fully.

32. Defendant Island Operating, LLC had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to do safely.

33. Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

34. Accordingly, Defendant is liable for the subject incident and is negligent and/or *negligent per se* for the following acts or omissions:

    a. failing to install and/or construct a pressure relief valve with sufficient maximum pressure;

    b. failing to safely maintain, monitor, inspect, and/or repair the B18 valve in a reasonably safe condition;

    c. failing to reopen the B18 valve prior to resuming operations;

    d. failing to warn Plaintiff of the unreasonably dangerous condition (including but not limited tothe over-pressurized valve in question);

    e. failing to relieve the pressure in the B18 valve;

    f. failing to properly supervise and train their agents, officers, directors, servants,, employees subcontractors, and/or crew;

    g. failing to routinely inspect the platform's valves and their pressure;

    h. under the doctrine of *respondeat superior* for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

    i. failing to maintain a safe work environment; and

    j. other acts deemed negligent.

35. Accordingly, Defendant is negligent and/or negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## COUNTS AGAINST DEFENDANT FIELDWOOD ENERGY, LLC

36. Plaintiff incorporates all other paragraphs by reference here fully.

37. Defendant Fieldwood Energy, LLC had ownership and/or control over the premises, instrumentality and/or activity in question and thus had a duty to do safely.

38. Plaintiff's injuries were proximately caused by this defendant's negligent and careless disregard of this duty.

39. Accordingly, Defendant is liable for the subject incident and is negligent and/or *negligent per se* for the following acts or omissions:

    a. failing to install and/or construct a pressure relief valve with sufficient maximum pressure;

    b. failing to safely maintain, monitor, inspect, and/or repair the B18 valve in a reasonably safe condition;

    c. failing to reopen the B18 valve prior to resuming operations;

    d. failing to warn Plaintiff of the unreasonably dangerous condition (including but not limited tothe over-pressurized valve in question);

    e. failing to relieve the pressure in the B18 valve;

    f. failing to properly supervise and train their agents, officers, directors, servants,, employees subcontractors, and/or crew;

    g. failing to routinely inspect the platform's valves and their pressure;

    h. under the doctrine of *respondeat superior* for the negligent acts and omissions of its agents, officers, directors, servants, and employees;

    i. failing to maintain a safe work environment; and

    j. other acts deemed negligent.

40. Accordingly, Defendant is negligent and/or negligent per se, and such negligence proximately caused Plaintiff's injuries, which are further outlined herein.

## **DAMAGES**

41. Plaintiff incorporates all other paragraphs by reference here fully.

42. As a direct and proximate result of the incident in question and negligence described above, Plaintiff sustained the following injuries and damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

    e. Physical impairment in the past;

    f. Physical impairment which, in all reasonable probability, will be suffered in the future;

    g. Mental anguish in the past;

    h. Mental anguish which, in all reasonable probability, will be suffered in the future;

    i. Loss of earnings and/or earning capacity in the past;

    j. Loss of earning capacity, which, in all probability, will be incurred in the future;

    k. Cost of medical monitoring and prevention in the future; and

    m. All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## REQUEST FOR JURY TRIAL

43. Plaintiff hereby requests a jury trial of this matter.

## CONCLUSION & PRAYER

Plaintiff prays for a trial by jury and that, after due proceedings are had:

    a. There be judgment rendered herein in favor of Plaintiff, and against Defendants, for all damages, together with the maximum allowable legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

    b. Plaintiff be allowed to proceed and prosecute this case without pre-payment of costs; and,

    c. For all such other and further relief to which Plaintiff may be entitled under law and in equity.

Respectfully submitted,

BROUSSARD, DAVID, & MOROUX, LLC

*/s/Blake R. David*
_____
BLAKE R. DAVID (No. 27427)
557 Jefferson Street (Physical)
Post Office Box 3524 (Mailing)
Lafayette, Louisiana 70502-3524
Phone:  (337) 233-2323
Fax:      (337) 233-2353
blake@bdm.law

**ATTORNEYS FOR PLAINTIFF,
AARON GAUTHIER**